**YONG QUN DONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.[1]**

No. 09–0127–ag.

United States Court of Appeals, Second Circuit.

Nov. 10, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Feng Li, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Yong Qun Dong, a citizen of the People's Republic of China, seeks review of the BIA'S January 2, 2009 order affirming the January 30, 2007 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Qun Dong*, No. A098 255 768 (B.I.A. Jan. 2, 2009), *aff'g* No. A098 255 768 (Immig. Ct. N.Y. City Jan. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review the IJ's decision as a whole. *See Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). In doing so, we review factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). For asylum applications governed by the REAL ID Act, the agency may base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

We conclude that the agency's adverse credibility determination was supported by substantial evidence. It was not error for the IJ to rely on the record of Dong's airport interview in making his adverse credibility determination. During Dong's airport interview, Dong first claimed that he feared persecution because he practiced Falun Gong, but he later admitted that he had lied and was not a Falun Gong practitioner. In finding the record of the airport interview sufficiently reliable, the agency properly applied the framework set forth in *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004). Dong contends that the airport interview was unreliable because he was "forced" by the interviewing officer to admit his involvement with a smuggler who was also on Dong's flight from China, and that this pressure caused him to feel that he needed to lie about his practice of Falun Gong. He also claims that, because he was unsure how the U.S. government viewed Falun Gong,

**592**

he was reluctant to disclose his involvement. The IJ found these explanations "fundamentally incoherent," and we find no error in that conclusion. *See Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007); *Guan v. Gonzales,* 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir.2005).

Given the IJ's finding that the record of Dong's airport interview was reliable, it was reasonable for the agency to note the inconsistency between Dong's admission that he was not a Falun Gong practitioner, and his later testimony regarding his knowledge and practice of Falun Gong. 8 U.S.C. § 1158(b)(1)(B)(iii). This inconsistency was an ample basis for the agency's adverse credibility determination. *See id.*

Because the only evidence of a threat to Dong's life or freedom relied upon his credibility, the adverse credibility determination in this case necessarily precludes success on Dong's claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991). Dong does not challenge the agency's denial of his request for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).